# UNITED STATES DISTRICT COURT

_____Eastern_____ District of _____Michigan_____

3

UNITED STATES OF AMERICA

_____MARTIN v. TUCKER_____
*Defendant*

ORDER OF DETENTION PENDING TRIAL

Case Number: 12-30441

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)
- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)
- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

**FILED JUL 18 2012 CLERK'S OFFICE U.S. DISTRICT COURT EASTERN MICHIGAN**

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☒ clear and convincing evidence ☒ a preponderance of the evidence that

_____
_____
_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

7/18/12
*Date*

*Signature of Judge*

U.S. Magistrate Judge Mona K. Majzoub
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Martin Tucker Order of Detention

This is a presumption case.

Defendant, a 32 year old father of five, is charged by criminal complaint with Bank Robbery and Using or Carrying a Firearm During and In Relation to a Crime of Violence. He and his wife have one child together. Defendant and all of his extended family are life long residents of Toledo Ohio. Defendant has no community or financial ties to this district.

Defendant has been employed for the past eight months as a subcontractor roofer for D P Enterprises in Toledo, Ohio, earning $300 per week. He was previously employed as a laborer for a temporary service agency in Ohio (2003-2011). In addition, since 2004 Defendant has been affiliated with Knock Out Productions in Toledo Ohio as an amateur boxer.

Defendant has no assets but owes $23,000 in child support payments for which he is in arrears.

Defendant admits to a daily marijuana habit since the age of 16. When tested for marijuana, the results were positive. Defendant gave conflicting statements regarding his drug usage to Pretrial Services.

Defendant's past criminal record shows a consistent pattern of arrests and convictions for assaultive and violent behaviors, all taking place in Toledo, Ohio (with the exception of one conviction in Oregon in 1999), which cites several arrests beginning in 1998 for Assault, Resisting Arrest (1999), Obstruction of Official Business (1998), Operating Vehicle Intoxicated (1999), Driving Under Suspension (1999), Police Order Elude/Flee (2000), Resisting Arrest (2000), Domestic Violence (2004), Assault (2005), Disorderly Conduct (2005), Public Indecency (2005), Disorderly Conduct (2007), Resisting Arrest (2007), Obstructing Official Business (2007), Trafficking in Drugs (2007).

More troubling are Defendant's behaviors following his convictions and during his past contacts with the criminal justice system. He admits to five (5) failures to appear for court dates between 2005 and 2007, he failed to comply with probation requirements and was ordered to serve an additional 60 days in 1999 in Oregon after being violated, and his previous jail sentences and periods of supervision seem to have been no deterrent to his current behaviors.

The instant charges allege brazen, serious and life threatening acts of violence and involve the use of a weapon during a bank robbery. The Defendant is alleged to have been one of two participants in a pre-meditated armed robbery of a Credit Union in Temperance, Michigan on July 16, 2012. The evidence is credible and reliable, inasmuch as DNA samples place Defendant at the scene of the armed robbery through samples found on a face mask that he wore and discarded while fleeing the scene. Additionally there are witnesses to the alleged armed robbery. Defendant's criminal record is troubling, and his failure to comply with court orders and conditions of supervision over the years sheds light on his motivation and/or ability to comply with conditions of bond, were a bond to be issued in the instant case.

Defendant is deemed a danger to the community by clear and convincing evidence. A review of his continuing pattern of criminal arrests and convictions since 1998, many of which involve convictions for violent and assaultive behaviors, fleeing and eluding police, resisting arrests, obstruction of official business charges (1998 and 2007), drug trafficking charges, and his history of supervision non-compliance, all support a conclusion that Defendant poses a danger to the community.

In addition, the fact that Defendant has failed to appear at least five times for scheduled court appearances in the past, that he resides in Toledo Ohio, with no ties whatsoever to this district, and is facing more than 10 years incarceration if convicted, render him a flight risk by a preponderance of the evidence.

Defendant asks for a bond, that he be allowed to return to Toledo to work and support his family, and assures the court that he has matured, and that he will appear at all of his court appearances.

Defendant has failed to rebut the presumption of detention.

There is no condition and no combination of conditions which will reasonably assure the appearance of Defendant and the safety of the community. Detention is therefore Ordered.