**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No. 11-20706

MARTIN TUCKER,

    Defendant.
                                                     /

**ORDER STRIKING ALL PRO SE DOCUMENTS AND DIRECTING DEFENDANT TO CEASE FILING PRO SE DOCUMENTS WHILE REPRESENTED BY COUNSEL**

This order is in response to Defendant Tucker's repeated attempts to send correspondence directly to the court, and his pro se "Motion for Direct Verdict." [Dkt. # 95]

Defendant is not entitled to represent himself while simultaneously represented by counsel. A criminal defendant has the right to appear pro se or by counsel, a right protected by both the Sixth Amendment to the United States Constitution and federal statute. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *see also Faretta v. California*, 422 U.S. 806, 807, 832 (1975); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978); *Ennis v. LeFevre*, 560 F.2d 1072, 1075 (2nd Cir. 1977); *United States v. Williams*, 534 F.2d 119, 123 (8th Cir. 1976). This right, however, is disjunctive; thus a party may chose *either* to represent himself *or* to appear through an attorney. There is no right to "hybrid" representation that would result in simultaneous or alternating self-representation and representation by counsel. As the Sixth Circuit has stated:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely,* 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)).  Put simply, a person represented by counsel must rely upon that counsel.  *See, e.g.*, *United States v. Olson*, 576 F.2d 1267, 1269–70 (8th Cir. 1978); *Daniels*, 572 F.2d at 540; *Ennis*, 560 F.2d at 1075; *Williams*, 534 F.2d at 123; *United States v. Hill*, 526 F.2d 1019, 1024–25 (10th Cir. 1975).  In light of this case law, the court will accept only those motions filed by attorneys of record when defendants are represented by counsel.

Defendant Tucker is therefore instructed to cease filing pro se documents and cautioned that any further attempts to do so will be interpreted by the court as deliberately acting in direct contravention of a court order.  The court will strike the current pro se filing, but will leave its image on the docket to allow counsel for Defendant Tucker to review it to determine whether any action should be taken based on its substance.  If Defendant Tucker wants to represent himself, he must instruct his attorney to file the appropriate motion.  It is expected that, as an officer of the court, counsel will respond to any clear requests for counsel to file such a motion. Accordingly,

IT IS ORDERED that Defendant Tucker is DIRECTED to cease filing any pro se motions in this criminal matter while represented by counsel.  Any pro se filing filed by Defendant in this case while represented by counsel will be stricken by the court.  If, at

any time, Defendant wants to sever the attorney relationship with his current counsel, he must so inform his counsel, who will take any appropriate steps, and the court will consider the advisability of doing so.

IT IS FURTHER ORDERED that pro se document [Dkt. # 95] is hereby STRICKEN from the docket of this court.  The Clerk of the Court is instructed to retain the image of this document on the docket.

Counsel for Defendant Tucker is DIRECTED to hand-deliver a copy of this order to his client and to explain the consequences, including the implications of criminal contempt proceedings and the consecutive sentencing that can result from a conviction for disobeying court orders.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2013, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\11-20706.USAvTUCKER.OrderStrikingProSeDocuments.jac.wpd