UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  Case No. 11-20706

MARTIN TUCKER,

    Defendant.
                                                       /

**OPINION AND ORDER DENYING DEFENDANT'S MOTIONS**

On November 19, 2013, after being found guilty of aiding and abetting bank robbery, 18 U.S.C. § 2113(a), and using, carrying and brandishing of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1), Defendant was sentenced to 63 and 84 months' imprisonment, to be served consecutively. (Dkt. # 97, Pg. ID 1578.) On November 23, 2013, Defendant filed a notice of appeal. (Dkt. # 98, Pg. ID 1586.)

On February 28, 2014, Defendant filed a "Motion for Bond Pending Appeal" and a "Motion for Post-Conviction DNA Testing." (See Dkt. ## 110, 111, Pg. ID 1608–30.) "It is well settled that the filing of a notice of appeal transfers jurisdiction over the merits of the appeal to the appellate court." *Workman v. Tate*, 958 F.2d 164, 167 (6th Cir. 1992). However, "the district court retains some jurisdiction to issue orders regarding the custody or enlargement of the defendant pending review [because] the question concerning the physical custody of the defendant pending further review does not affect the matters involved in the appeal itself." *Id.* (citation and emphasis omitted) To the

extent Defendant asks the court for post-conviction DNA testing, the court is without jurisdiction to consider Defendant's request pending resolution of his appeal.

To the extent Defendant asks the court to release him from custody, the court finds that Defendant has not presented clear and convincing evidence that he is unlikely to flee or pose a danger to the safety of the community. 18 U.S.C. § 3143(b)(A). To the contrary, at sentencing the court found that Defendant's criminal behavior "was aggressive, assaultive, [and] terroristic by its nature[,]" and that Defendant had not offered a "word of . . . regret for the horror that he brought to bear on the [bank] tellers." (Dkt. # 112, Pg. ID 1648, 1650.) Further, the court does not believe that Defendant's appeal is likely to result in reversal or a reduced sentence less than the time already served. § 3143(b)(1)(B). Accordingly,

IT IS ORDERED that Defendant's "Motion for Bond Pending Appeal" and "Motion for Post-Conviction DNA Testing" [Dkts. ## 110, 111] are DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: May 1, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522