**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 11-20706

MARTIN TUCKER,

        Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR POST-
CONVICTION DNA TESTING**

On November 19, 2013, after being found guilty of aiding and abetting bank

robbery, 18 U.S.C. § 2113(a), and using, carrying, and brandishing of a firearm during

and in relation to a crime of violence, 18 U.S.C. § 924(c)(1), Defendant was sentenced

to 63 and 84 months' imprisonment, to be served consecutively.  (Dkt. # 97, Pg. ID

1578-79.)  On November 23, 2013, Defendant filed a notice of appeal, (Dkt. # 98, Pg. ID

1586), and the Sixth Circuit affirmed Defendant's conviction on October 22, 2014,

*United States v. Scherer*, 770 F.3d 407, 409 (6th Cir. 2014).  On November 20, 2014,

Defendant petitioned the United States Supreme Court for a writ of certiorari, (Dkt. #

120, Pg. ID 1685), which was denied on January 12, 2015, (Dkt. # 123, Pg. ID 1708).

Now before the court is Defendant's Motion for Post-Conviction DNA Testing

pursuant to 18 U.S.C. § 3600, (Dkt. # 121), which primarily requests that the court order

DNA testing of specific evidence under § 3600(a), (*Id.* at Pg. ID 1686).  In response, the

Government contends that "this Court may order post-conviction DNA testing of certain

evidence only if the defendant meets all ten statutory requirements" and that Defendant

fails to meet four of these requirements.  (Dkt. # 128, Pg. ID 1723-24.)  This matter is

fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).   For the reasons

stated below, the court will deny Defendant's Motion for Post-Conviction DNA Testing.

## I. BACKGROUND

On December 7, 2012, a jury found Defendant guilty of bank robbery and

brandishing a firearm during and in relation to a crime of violence.  (Dkt. # 71, Pg. ID

518.)  Part of the government's evidence against Defendant during his trial was a set of

DNA test results from a hat and the steering column of the car that were both believed

to have been used in the robbery.  (Dkt. # 121, Pg. ID 1692; Dkt. # 128, Pg. ID 1722;

Dkt. # 128-3, Pg. ID 1744-45.)  The DNA analysis method used was "nuclear DNA short

tandem repeat typing, which is a method of analysis generally accepted in the scientific

community."  (Dkt. # 128, Pg. ID 1721.)  While the testing was able to match Sherer, a

co-defendant in the case, to several items, it was not able to match Defendant

conclusively to any item.  (*Id.* at 1721-22; Dkt. # 128-3, Pg. ID 1744-47.)  Instead, the

testing stated that Defendant "cannot be excluded as a potential contributor" to the hat

and to the steering column DNA.  (Dkt. # 128-3, Pg. ID 1744-45.)  The DNA recovered

from the hat and from the steering column was a mixture of DNA from multiple people.

(*Id.*)

In affirming Defendant's conviction, the Sixth Circuit observed that:

DNA was not the only arrow in the Government's quiver. Tucker was the
same height as the robber in black, lived just blocks away from where the
getaway car was stolen, associated with Sherer at the time the robbery
occurred, and called Sherer's phone twenty-seven times in the ten days
before the robbery.

*Sherer*, 770 F.3d at 412.

Furthermore, after his conviction, Defendant gave a detailed confession to the entire crime, identifying the getaway driver and describing how he had stolen the getaway vehicle, how he had obtained his gun, how a dye pack had exploded in his bag after the robbery, and where he had left the clothing and gun used in the robbery.  (Dkt. # 128-1, Pg. ID 1732-35.)

Defendant now asserts his innocence.  (Dkt. # 121, Pg. ID 1687.)  He claims that the Government's DNA test results could not conclusively identify his DNA on the evidence, (*Id.* at 1690), and that because of this, the court should order a new DNA test under 18 U.S.C. § 3600(a) that would allegedly "factually establish [Defendant's] innocence," (*Id.* at 1699).  Defendant also requests, after his conviction and appeals, that this court strike the Government's expert testimony concerning its DNA evidence under Federal Rule of Evidence 403, alleging that the testimony "will inordinately distract the jury from or skew it's [sic] perception of other, potentially exculpatory evidence lacking not so much probative force as scientific gloss" and thus cause unfair prejudice against Defendant.  (*Id.* at 1697.)

Defendant also points to 18 U.S.C. § 3600(c)(2), (*Id.* at 1686), stating that the court may order testing from a lab other than the FBI Laboratory.  He also mentions § 3600(f)(1), which allows the court to order further testing if a new test yields inconclusive results, (*Id.* at 1686-87), and § 3600(g)(2), which guides the court's ruling on motions for a new trial or resentencing after new test results have been obtained, (*Id.* at 1687).

The Government responds that, to receive post-conviction DNA testing according to 18 U.S.C. § 3600(a), Defendant must meet "all ten statutory requirements."  (Dkt. #

128, Pg. ID 1723.)  The Government contends that the court should not grant Defendant

his requested testing, claiming that Defendant has failed to meet statutory requirements

1, 3, 5, and 8.  (*Id.* at 1723-24.)

## II. STANDARD

In pertinent part, 18 U.S.C. § 3600(a) states:

> Upon a written motion by an individual under a sentence of imprisonment . . . pursuant to a conviction for a Federal offense . . . , the court that entered the judgment of conviction shall order DNA testing of specific evidence if the court finds that all of the following apply:

> (1) The applicant asserts, under penalty of perjury, that the applicant is actually innocent of--

> > (A) the Federal offense for which the applicant is under a sentence of imprisonment . . . .

> > . . . .

> (3) The specific evidence to be tested--

> > . . . .

> > (B) was previously subjected to DNA testing and the applicant is requesting DNA testing using a new method or technology that is substantially more probative than the prior DNA testing.

> > . . . .

> (5) The proposed DNA testing is reasonable in scope, uses scientifically sound methods, and is consistent with accepted forensic practices.

> > . . . .

> (8) The proposed DNA testing of the specific evidence may produce new material evidence that would--

> > . . . .

> > (B) raise a reasonable probability that the applicant did not commit the offense.

4

18 U.S.C. §3600(a) (2004).

Furthermore, "(1) The court shall direct that any DNA testing ordered under this section be carried out by the Federal Bureau of Investigation. (2) Notwithstanding paragraph (1), the court may order DNA testing by another qualified laboratory . . . ." 18 U.S.C. § 3600(c)(1)-(2) (2004). "If DNA test results obtained under this section are inconclusive, the court may order further testing, if appropriate, or may deny the applicant relief." 18 U.S.C. § 3600(f)(1) (2004). 18 U.S.C. § 3600(g)(2) states that:

> The court shall grant the motion of the applicant for a new trial or resentencing, as appropriate, if the DNA test results, when considered with all other evidence in the case (regardless of whether such evidence was introduced at trial), establish by compelling evidence that a new trial would result in an acquittal of--
>
> > (A) . . . the Federal offense for which the applicant is under a sentence of imprisonment . . . .

18 U.S.C. § 3600(g)(2) (2004).

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

### III. DISCUSSION

In his brief, unaccompanied by an affidavit, Defendant states that he "asserts his innocence of the federal offense(s) in this case under penalty of perjury in accordance with . . . 18 U.S.C. § 3600(a)(1)(A)." (Dkt. # 121, Pg. ID 1687.) However, because of the words "under penalty of perjury" in § 3600(a)(1), "[t]he federal statute . . . requires a sworn statement that the applicant is innocent." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 63 (2009). With no affidavit or sworn statement presented or alleged, Defendant's assertion was not made under penalty of perjury

5

notwithstanding using those words in his motion.  This is insufficient to satisfy
§ 3600(a)(1).

Defendant proposes mitochondrial DNA testing as his requested new test,
claiming that it is a "more probative method" than the nuclear DNA testing used as
evidence in trial.  (Dkt. # 121, Pg. ID 1699.)  The Government, however, provides an
affidavit from Lara D. M. Adams, a "Forensic Examiner for the DNA Casework Unit in
Quantico, Virginia . . . with qualification as a forensic mitochondrial DNA (mtDNA)
examiner."  (Dkt. # 128-2, Pg. ID 1736.)  Adams states that "[a]ccording to the [Scientific
Working Group on DNA Analysis Methods ("SWGDAM")] Interpretation Guidelines for
Mitochondrial DNA Analysis by Forensic DNA Testing Laboratories approved in July
2013, 'Mitochondrial DNA mixtures are not commonly interpreted.'" (*Id.* at 1738.)
Furthermore, "a limitation of mtDNA analysis is that mixtures of mtDNA cannot be
deconvoluted, and mtDNA mixtures cannot be compared to other mtDNA sequences in
a reliable and repeatable manner."  (*Id.* at 1739.)  The only two items in the DNA test
that implicated Defendant, according to The FBI's DNA Lab Report, (Dkt. # 128-3), were
Q-2, a hat, and Q-19, the steering column of a car, (*Id.* at 1744-45.)  The DNA Report
states that both the hat and the steering column contained a "mixture" of DNA from
multiple individuals.  (*Id.*)  Mitochondrial DNA testing, therefore, would be ineffective in
determining Defendant's guilt or innocence in this case, as both items of evidence
contain DNA mixtures that "cannot be compared to other mtDNA sequences in a
reliable and repeatable manner."  (Dkt. # 128-2, Pg. ID 1739.)  Consequently, this court
finds that such a test would not be "substantially more probative than the prior DNA
testing," 18 U.S.C. § 3600(a)(3)(B) (2004), nor would it be "consistent with accepted

forensic practices" according to the SWGDAM Guidelines, 18 U.S.C. § 3600(a)(5) (2004); (Dkt. # 128-2, Pg. ID 1738).  Defendant thus fails to meet the requirements of both § 3600(a)(3) and (5).

Defendant also contends that if he were granted a new test that excluded him as a potential contributor to the hat and steering column, "the circumstantial evidence will also cease to have weight because [the new test] supercedes the implicatory DNA evidence."  (Dkt. # 121, Pg. ID 1694.)  The reality, however, is that a jury in a new trial would simply be presented with both DNA tests and asked to decide which to believe. Furthermore, the Government would still present the rest of the "arrow[s] in the Government's quiver" against Defendant, *Sherer*, 770 F.3d at 412, as well as Defendant's post-conviction confession, (Dkt. # 128-1, Pg. ID 1732-35).  In light of all of the evidence for and against Defendant, the best-case scenario of an exclusionary DNA test does not, in this court's opinion, "raise a reasonable probability that the applicant did not commit the offense."  18 U.S.C. § 3600(a)(8)(B) (2004).  Defendant therefore fails to meet yet another mandatory requirement under § 3600(a).

Because Defendant has failed to meet four of § 3600(a)'s ten mandatory requirements, his motion for a post-conviction DNA test is denied.

Defendant makes several other requests in his motion.  He asks that the court order the test from a non-FBI laboratory under § 3600(c)(2).  He also attempts to invoke § 3600(g)(2), which states that:

> The court shall grant the motion of an applicant for a new trial or resentencing, as appropriate, if the DNA test results, when considered with all other evidence in the case (regardless of whether such evidence was introduced at trial), establish by compelling evidence that a new trial would result in an acquittal . . . .

7

18 U.S.C. § 3600(g)(2) (2004).

Furthermore, he cites § 3600(f)(1), which concerns "DNA test results obtained under this section."  The court must deny these requests as moot, as they all require new DNA testing granted under § 3600, and the court has not granted Defendant any such test.

Finally, Defendant raises an objection under Federal Rule of Evidence 403, stating that the Government's expert testimony in trial concerning its DNA testing showed "great prejudice" to Defendant and resulted in a "factual miscarriage of justice." (Dkt. # 121, Pg. ID 1697.)  This objection, however, is untimely.  Defendant did not raise it during trial to exclude the Government's expert testimony.  (Dkt. # 85, Pg. ID 951-1009.)  The case has been decided and appealed.  (Dkt. # 97, Pg. ID 1578; Dkt. # 98, Pg. ID 1586); *Sherer*, 770 F.3d 407.  Defendant's objection to the Government's expert testimony is denied.

## IV. CONCLUSION

IT IS ORDERED that Defendant Martin Tucker's Motion for Post-Conviction DNA Testing, (Dkt. # 121), is DENIED.

 s/Robert H. Cleland_____
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 17, 2015

8

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 17, 2015, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

9