**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

Criminal Case No. 11-20706
Civil Case No. 15-14020

MARTIN TUCKER,

Defendant.
_______________________________________/

**OPINION AND ORDER DENYING DEFENDANT'S AMENDED MOTION TO VACATE, PETITIONS AND MOTION TO SUPPLEMENT, REQUEST FOR APPOINTMENT OF COUNSEL, AND CERTIFICATE OF APPEALABILITY AND DENYING AS MOOT PETITION TO SHOW CAUSE**

In 2012, Defendant was found guilty by a jury of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and one count of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was sentenced to 147 months imprisonment. (Dkt. #97.) Pending before the court is Defendant's amended motion to vacate his sentence under 28 U.S.C. § 2255 (Dkt. #141), petition to "show cause" (Dkt. #154), various petitions and one motion to supplement his § 2255 motion (Dkt. #156, 158, 163, 165, 166, 172), and request for appointment of counsel. (Dkt. #161.) For the reasons stated herein, Defendant's motions and petitions will be denied.

## I. STANDARD

Under § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that

the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). As "[§] 2255 is not a substitute for a direct appeal," *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *United States v. Frady*, 456 U.S. 152, 167–68 (1982)), "a prisoner must clear a significantly higher hurdle than would exist on direct appeal" to merit collateral relief. *Frady*, 456 U.S. at 166. Consequently, "[t]o prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Though non-constitutional errors are generally outside the scope of § 2255 relief, *see United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000), a petitioner can prevail on a § 2255 motion alleging non-constitutional error "establish[ing] a 'fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process.'" *Watson*, 165 F.3d at 488 (internal quotation marks omitted) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## II. DISCUSSION

### A. Motion to Vacate

Defendant's amended motion to vacate raises the same two arguments as his original motion to vacate. Both of Defendant's arguments are essentially the same—they challenge the DNA evidence used against Defendant at trial. Defendant casts his

first argument as an ineffective assistance of counsel claim and his second argument as a Due Process claim. The court will address both arguments in turn.

1. <u>Ineffective Assistance of Counsel</u>

To establish ineffective assistance of counsel under the Sixth Amendment, Defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Defendant must first show that his counsel's performance was deficient, which "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id*. at 687. Courts must afford defense attorneys "wide latitude" in making tactical decisions and, in analyzing their conduct under the Sixth Amendment, must make "every effort" to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 689. Defense counsel is entitled to a "strong presumption" that they made "all significant decisions in the exercise of reasonable professional judgment." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 690).

If Defendant succeeds in proving deficient performance, he must next show that the deficient performance was prejudicial. Prejudice requires more than "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693–94. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*.

Defendant asserts that his counsel erred in failing to object to the DNA evidence offered against him by the Government's expert witness, Jeannette Wentworth—a

forensic examiner in the FBI's Nuclear DNA Unit. (Dkt. #141, PageID 1856; Dkt. #85, PageID 953.) At trial, Ms. Wentworth testified about the results of several pieces of evidence from the crime scene that she tested for DNA. (Dkt. #85, PageID 953–80.) Specifically, she testified about the DNA found on a knit cap and steering wheel and stated that the DNA matched as potential contributors both Defendant and his codefendant, Quintin Sherer (*Id*. at 971–76.) She also testified regarding the statistical probability of finding those same DNA profiles in other individuals. (*Id*.) Defendant appears to challenge Ms. Wentworth's statistical testimony. Defendant cannot satisfy either prong of *Strickland* with this argument.

First, Defendant's objection regarding the DNA evidence fails because the Sixth Circuit has consistently held that statistical evidence related to DNA testing is admissible. *See United States v. Beverly*, 369 F.3d 516, 528 (6th Cir. 2004) ("The use of nuclear DNA analysis as a forensic tool has been found to be scientifically reliable by the scientific community for more than a decade."); *United States v. Bonds*, 12 F.3d 540, 568 (6th Cir. 1993) ("Thus, because the theory, methodology, and reasoning used by the FBI lab to declare matches of DNA samples and to estimate statistical probabilities are scientifically valid and helpful to the trier of fact, we affirm the district court's conclusion that they are admissible under Rule 702."). Accordingly, counsel was not deficient for failing to raise a meritless objection to the statistical DNA evidence presented. *See United States v. Martin*, 45 F. App'x 378, 381 (6th Cir. 2002) ("Failure of trial counsel to raise wholly meritless claims cannot be ineffective assistance of counsel."). Counsel adequately challenged the DNA evidence against Defendant during

cross-examination (Dkt. #85, PageID 992–1006.) The decision to forgo a fruitless objection and challenge the evidence on cross-examination is a strategic decision well within the "wide latitude" afforded to counsel. *See Strickland*, 466 U.S. at 689.

Second, Defendant cannot establish prejudice based on this argument because the DNA evidence was far from the only evidence indicative of Defendant's guilt. As the Sixth Circuit explained in rejecting Defendant's appeal, "Tucker was the same height as the robber in black, lived just blocks away from where the getaway car was stolen, associated with Sherer at the time the robbery occurred, and called Sherer's phone twenty-seven times in the ten days before the robbery." (Dkt. #159.) Accordingly, Defendant's first claim fails because he cannot satisfy either prong of *Strickland*.

2. Due Process Violation

Next, Defendant attempts to attack the DNA evidence by arguing that its admission violated Federal Rule of Evidence 702(b), and by extension his Fifth Amendment Right to Due Process. (Dkt. #141, PageID 1850.) Defendant has procedurally defaulted on this argument by failing to raise it during trial or on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621–22 (1998). To overcome this procedural bar, Defendant must demonstrate either that: (1) cause existed to excuse his failure to raise the claim in the district court and on direct appeal and that he suffered actual prejudice; or (2) he was actually innocent of the crime. *See Bousley*, 523 U.S. at 622. Defendant fails to satisfy either requirement.

It appears that Defendant argues cause based on his attorney's failure to raise the DNA issue. However, "the mere fact that counsel failed to recognize the factual or

legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Murray v. Carrier*, 477 U.S. 478, 486—87 (1986). Nor is the mere allegation of ineffective assistance of counsel sufficient to establish the cause necessary to overcome procedural default. *See id.* at 488. Here, the court has already rejected Defendant's ineffective assistance argument because Defendant could not establish deficient attorney performance or any resulting prejudice. Defendant makes no other showing of cause for his failure to previously raise this claim.

Furthermore, Defendant cannot establish actual innocence because after his trial, Defendant admitted to the armed robbery. (Dkt. #128-1, PageID 1732–34.) Defendant does not contest or attempt to challenge his admission. Accordingly, Defendant has procedurally defaulted on his second ground for relief.

**B. Petition for Appointment of Counsel**

Defendant also requests the appointment of counsel to assist in preparing his habeas motion. The court will deny this request because the "records of the case conclusively show that he is not entitled to relief." *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).

**C. Petitions and Motion to Supplement**

Defendant filed a motion to supplement his motion to vacate in light of the Supreme Court's decision in *Dean v. United States*, 137 S. Ct. 1170 (2017). (Dkt. #158.) The court will deny Defendant's motion because *Dean* did not establish a new rule of constitutional law nor does it apply retroactively to cases on collateral review. *See In re Taylor*, No. 18-3265, 2018 U.S. App. LEXIS 25338, at *5 (6th Cir. Sept. 5, 2018)

(internal citations omitted) ("*Dean* does not establish a new rule of constitutional law. And, in any event, the Supreme Court has not made it retroactive to cases on collateral review.").

Defendant also filed several petitions[1] to supplement his motion to vacate in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and its progeny related to the definition of a crime of violence under the Armed Career Criminal Act ("ACCA"), U.S. Sentencing Guidelines, and 18 U.S.C. § 16. The court will deny all of Defendant's petitions to supplement, without addressing their timeliness, because Defendant's conviction for armed bank robbery qualifies as a crime of violence under the force clause, not the residual clause invalidated by *Johnson*. *See United States v. McBride*, 826 F.3d 293, 296 (6th Cir. 2016).

**D. Petition to Show Cause**

The court has denied all of Defendant's outstanding motions and petitions. Accordingly, Defendant's "Motion to Show Cause" is denied as moot.

[1] Defendant filed the following petitions to supplement, none of which relate to his conviction for armed bank robbery: (1) petition to add *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Dkt. #156); (2) petition to add *United States v. Yates*, 866 F.3d 723 (6th Cir. 2017) (holding that a robbery conviction under Ohio Revised Code § 2911.02(A)(3) does not qualify as a "crime of violence" under the career offender sentencing guideline) (Dkt. #163); (3) petition to add *United States v. Jackson*, 865 F.3d 946 (7th Cir. 2017) (vacated by *United States v. Jackson*, 138 S. Ct. 1983 (2018)) (Dkt #165); (4) petition to add *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) (addressing language of 18 U.S.C. § 16 comparable to residual clause) (Dkt. #166); (5) petition to add *United States v. Camp*, 903 F.3d 594 (6th Cir. 2018) (addressing Hobbes Act robbery) (Dkt. #172.)

## III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, the court concludes that reasonable jurists would not debate the court's ruling regarding Defendant's habeas claims. Therefore, the court will deny a certificate of appealability.

## IV. CONCLUSION

IT IS ORDERED that Defendant's amended motion to vacate (Dkt. #141), petitions and motion to supplement (Dkt. #156, 158, 163, 165, 166, 172), and petition for appointment of counsel (Dkt. #161) are DENIED and that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that Defendant's petition to show cause (Dkt. #154) is DENIED AS MOOT.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 22, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Habeas\11-20706.TUCKER.2255.HEK.docx